```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 2 1 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

    - v. -                      :    07 Cr.      (   )

RHEA DEVLUGT WICKLUND,           :
   a/k/a "Jasmin St. Claire,"
                  Defendant.   :

- - - - - - - - - - - - - - - - - x

**07CRIM1220**

INFORMATION

## COUNT ONE
### (Conspiracy)

The United States Attorney charges:

1.  From at least in or about September 2002 through in or about March 2005, in the Southern District of New York and elsewhere, RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States of America, to wit, violations of Title 18, United States Code, Sections 1341, 1346, 1952(a)(3)(A), and 1956(a)(1)(B)(i).

### Objects of the Conspiracy

2.  It was a part and an object of the conspiracy that RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did travel in interstate commerce and use the

mail and a facility in interstate commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, specifically, commercial bribery in violation of New York State Penal Law Sections 180.00, 180.03, 180.05, and 180.08, and, thereafter, would and did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3)(A).

3. It was further a part and an object of the conspiracy that RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, including a scheme and artifice to deprive another of the intangible right of honest services, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice to defraud, and attempting so to do, would and did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service, and deposit and cause to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and take and receive

therefrom, such matter and thing, and knowingly cause to be delivered by mail and by such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matter and thing, in violation of Title 18, United States Code, Sections 1341 and 1346.

   4. It was further a part and an object of the conspiracy that RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Overt Acts

   5. In furtherance of the conspiracy and to effect the illegal objects thereof, RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, and others known and unknown, committed

the following overt acts, among others, in the Southern District of New York and elsewhere:

    a.   Between on or about May 7, 2004 and on or about May 21, 2004, a co-conspirator not named as a defendant herein ("CC-1") caused six invoices totaling approximately $55,335 to be sent from Falcon Studio Graphics & Video ("Falcon") to Gartner, Inc. ("Gartner"), a company based in Connecticut.

    b.   On or about June 1, 2004, two co-conspirators not named as defendants herein ("CC-2" and "CC-3"), who were employed by Gartner, caused Gartner to mail a check in the amount of approximately $55,335 from Fort Meyers, Florida to Falcon in Ossining, New York.

    c.   On or about June 14, 2004, CC-1 wrote a check from the account of Falcon made payable to Jasmin St. Claire, Inc. ("JSC") in the amount of approximately $5,000.

    d.   On or about June 24, 2004, WICKLUND wrote a check from the account of JSC payable to CC-2 in the amount of approximately $4,250.

    e.   Between on or about June 4, 2004 and on or about June 18, 2004, CC-1 caused six invoices totaling approximately $56,582 to be sent from Falcon to Gartner.

    f.   On or about June 26, 2004, CC-2 and CC-3 caused Gartner to mail a check in the amount of approximately

$56,582 from Fort Meyers, Florida to Falcon in Ossining, New York.

  g. On or about July 14, 2004, CC-1 wrote a check from the account of Falcon made payable to JSC in the amount of approximately $5,000.

  h. On or about July 22, 2004, WICKLUND wrote a check from the account of JSC made payable to CC-2 in the amount of approximately $4,250.

  i. Between on or about July 27, 2004 and on or about July 30, 2004, CC-1 caused three invoices totaling approximately $22,375 to be sent from Triumph Corporate Media ("Triumph") to Gartner.

  j. On or about August 27, 2004, CC-2 and CC-3 caused Gartner to mail a check in the amount of approximately $22,375 from Fort Meyers, Florida to Triumph in New York, New York.

  k. On or about September 8, 2004, CC-1 wrote a check from the account of Triumph made payable to JSC in the amount of approximately $5,000.

  l. On or about September 9, 2004, WICKLUND wrote a check from the account of JSC made payable to CC-2 in the amount of approximately $4,250.

  m. On or about September 10, 2004, a co-conspirator not named as a defendant herein ("CC-4"), caused a

check in the amount of approximately $3,450 to be drawn on the account of Strategic Media ("Strategic") payable to JSC.

    n. On or about September 14, 2004, WICKLUND wrote a check from the account of JSC made payable to CC-2 in the amount of approximately $3,000.

    (Title 18, United States Code, Section 371).

## COUNT TWO
### (Travel Act/Commercial Bribery)

The United States Attorney further charges:

    6. From at least in or about September 2002 through in or about March 2005, in the Southern District of New York and elsewhere, RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, did travel in interstate commerce and use the mail and a facility in interstate commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, specifically, commercial bribery in violation of New York State Penal Law Sections 180.00, 180.03, 180.05, and 180.08, and, thereafter, did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, to wit, WICKLUND participated in a scheme to obtain contracts in exchange for kickbacks and, in furtherance of that

scheme, traveled, on multiple occasions, between California and New York, New York.

(Title 18, United States Code, Sections 1952(a)(3)(A) and 2.)

### COUNT THREE
### (Mail Fraud)

The United States Attorney further charges:

7. From at least in or about September 2002 through in or about March 2005, in the Southern District of New York and elsewhere, RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, having devised and intending to devise a scheme and artifice to defraud, including a scheme and artifice to deprive another of the intangible right of honest services, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to defraud Gartner, Inc., unlawfully, willfully, and knowingly, for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service, and did deposit and cause to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and did take and receive therefrom such matter and thing, and did knowingly cause to be delivered, by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matter and thing, to wit,

on multiple occasions, individuals working with WICKLUND caused Gartner to mail checks from Fort Meyers, Florida to Ossining, New York and New York, New York in connection with purported multimedia services and equipment rental contracts totaling approximately $3.1 million, which contracts were awarded in exchange for commercial bribes.

(Title 18, United States Code, Sections 1341, 1346, and 2.)

### COUNT FOUR
### (Money Laundering)

The United States Attorney further charges:

8. From at least in or about September 2002 through in or about March 2005, in the Southern District of New York and elsewhere, RHEA DEVLUGT WICKLUND, a/k/a "Jasmin St. Claire," the defendant, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, to wit, WICKLUND used her business bank account to deposit and conceal fraudulently obtained monies

and facilitate the payment of kickbacks in connection with a fraud and commercial bribery scheme.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

### FORFEITURE ALLEGATION

9. As the result of committing one or more of the offenses alleged in Counts One through Four of this Information, defendant shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 982, and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from the proceeds traceable to the commission of the said offenses and all property, real and personal involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

    a. At least $143,600 in United States currency, representing the amount of proceeds obtained as a result of the offenses constituting specified unlawful activity charged in Counts One through Four and representing the sum in aggregate is property which was involved in the money laundering offense or is traceable to such property for which the defendant is jointly and severally liable.

### Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 371, 981, 982, 1341, and
    1956(a)(1)(B)(i), (a)(2)(B)(i), and (a)(2)(B)(ii);
        Title 28, United States Code, Section 2461.)

*[signature]*
MICHAEL J. GARCIA
United States Attorney

Case 1:07-cr-01220-GEL    Document 2    Filed 12/21/2007    Page 11 of 11